UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 99-4172

GERALD RANDOLPH WALL,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James P. Jones, District Judge.
(CR-98-10061)

Submitted: August 31, 1999

Decided: September 17, 1999

Before WILKINS, HAMILTON, and TRAXLER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James R. Cromwell, VOGEL & CROMWELL, L.L.C., Roanoke, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, Thomas J. Bondurant, Jr., Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gerald Wall pled guilty to possession of a firearm after being convicted of a felony and was sentenced as an armed career criminal to a mandatory term of fifteen years imprisonment. See 18 U.S.C.A. §§ 922(g)(1), 924(e) (West Supp. 1999). Wall appeals the district court's finding that he was an armed career criminal, contending that the court erred in finding that his prior conviction for statutory burglary of an office was a violent felony under § 924(e).

A defendant is an armed career criminal if he violates § 922(g) and has three or more prior convictions for violent felonies or serious drug offenses committed on separate occasions. As defined in § 924(e)(2)(B), the term "violent felony" includes burglary. The district court found that Wall had three predicate convictions--two prior convictions for burglary and one for malicious wounding. The district court rejected Wall's argument that his 1974 conviction for breaking and entering the office of a construction company with intent to commit larceny did not qualify as "generic burglary" as defined in Taylor v. United States, 495 U.S. 575 (1990), because the indictment did not specify that the office was a "building or structure."

In Taylor, the Supreme Court held that a defendant "has been convicted of burglary for purposes of a § 924(c) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor, 495 U.S. at 599. A sentencing court should generally consider only the fact of the prior conviction and the statutory definition of the offense to determine whether the prior offense was a burglary within the meaning of § 924(e)(2)(B)(ii). See id. at 602. However, when the statutory definition of the offense includes conduct which would not constitute burglary under § 924(e), the court may look to the indict-

2

ment or information and the jury instructions to find out whether the jury had to find all the elements of generic burglary to convict the defendant. Id.

Because the Virginia statute included unlawful entry into an automobile, ship, or railroad car,* it was broader than the Taylor definition of generic burglary and the district court properly considered the indictment to determine whether the jury found the elements of generic burglary. Wall claims that the jury's finding that he was guilty of breaking and entering an "office" does not establish that he unlawfully entered "a building or structure." We disagree. See United States v. White, 997 F.2d 1213, 1217-18 (7th Cir. 1993) (California burglary convictions resulting from thefts of purses from offices in state office building during business hours were generic burglaries because defendant had "entered places where he had no lawful or privileged right of access," intended to commit crimes, and did commit crimes).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____
*Wall was convicted under Va. Code Ann. §§ 18.1-88, 18.1-89 (Michie 1974).

3